POLISH NATIONAL ALLIANCE, RELATOR, v. ANTHONY PERRAPATO, MAYOR, ET AL., DEFENDANTS.

Submitted October 13, 1933—Decided January 26, 1934.

Before Justices CASE, BODINE and DONGES.

For the relator, *Joseph J. Weinberger.*

PER CURIAM.

This is a rule to show cause why a peremptory or alternative writ of *mandamus* should not issue to compel the city of Garfield, and its tax collector and governing body, to cancel of record certain tax and assessment liens upon certain property in that city.

It appears that in February, 1930, one George Delekta owned property in Garfield. He applied for a mortgage loan to the relator herein, Polish National Alliance, which was willing to grant the loan but required a title policy of the Equitable Title and Mortgage Guaranty Company. At the time of closing it appeared that a tax search by the collector showed outstanding certain taxes for 1928 and 1929, as well as sewer and other assessments. The title insurance was refused unless these were paid. Thereupon Delekta went to the tax office and paid the sums due by check, receiving receipted bills, and had the tax search marked "paid" by the collector. Subsequently, when the mortgage was being foreclosed, the relator learned that the liens had not been canceled because the checks given in payment therefor had been returned as not good.

Application for a peremptory or alternative writ of *mandamus* to compel the cancellation of the liens is made under 4 *Comp. Stat., p.* 5182, ¶ 224, which reads:

"Whenever any collector of taxes, treasurer or other public officer of any city, town, borough, township or other municipality of this state is authorized or empowered by statute or by resolution or ordinance of the common council or township committee, to make searches of the tax or assessment records thereof, or to make official certificates as to what tax, assessment or other municipal liens appear against any real estate therein, such city, &c., shall as against purchasers and mortgagees in good faith procuring such official certificates, be

estopped from collecting or continuing as liens or ecnumbrances upon any real estate to which such certificates shall refer, any tax, assessment or municipal liens which were encumbrances, thereupon during the period covered by such searcher not shown or mentioned in any such official certificate, &c."

And under *Pamph. L.* 1918, *ch.* 237, *p.* 886, ¶ 14:

"Any person who shall acquire for valuable consideration an interest in any such lands covered by any such official tax search in reliance on said tax search, shall hold such interest free from any municipal lien held by the municipality and not shown on such search."

It thus appears that the relator, as a mortgagee in good faith, did rely upon a search of the tax collector which showed the liens in question as having been paid.

There is no affirmative showing that this collector had been authorized to make searches, although it is alleged that he was so authorized. The act of 1918, in section 10, requires the governing body of each municipality to appoint a bonded official to make examinations of its records as to unpaid liens and authorizes the official so designated to make official certificates of searches. So, for present purposes, it may be taken for granted that the law was complied with in this respect and that the tax collector, who made the search, was authorized to make such searches. Especially so, in view of the fact that the city makes no appearance upon this application.

An alternative writ of *mandamus* will issue.